weisslaw.

October 6, 2023

The Hon. Ann M. Donnelly
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *In re Synergy Pharmaceuticals, Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.)

Dear Judge Donnelly:

We are Plaintiffs' Co-Lead Counsel and write in response to Defendants' correspondence of October 2, 2023 (ECF No. 130). Defendants' request to file a new motion to dismiss is prohibited by Fed. R. Civ. P. 12(g). In light of the Second Circuit's remand, Plaintiffs request that Defendants answer the Complaint (which is already past due), and that the Court set a date for the filing of a Rule 26(f) report and for a Scheduling Conference.

*Federal Rule Of Civil Procedure 12(g) Prohibits Defendants' Filing Of A New Motion To Dismiss And No Grounds Exist For Continuation Of The PSLRA Discovery Stay*

The Second Circuit held that Plaintiffs' Second Consolidated Amended Securities Class Action Complaint (the "Complaint") (ECF No. 105) raises a strong inference of scienter as to Defendant Gemignani's November 9, 2017 statements, *Tilton v. Jacob* (*In re Synergy Pharms. Inc.*), No. 21-2724-cv, 2023 U.S. App. LEXIS 22598, at *6 (2d Cir. Aug. 28, 2023), which this Court previously held were false and misleading when made. *In re Synergy Pharms., Inc. Secs. Litig.*, No. 18-CV-873 (AMD)(VMS), 2021 U.S. Dist. LEXIS 191322, at **28-29 (E.D.N.Y. Sept. 30, 2021). There is no authority—and Defendants have cited none—allowing a defendant to file another motion to dismiss asserting the same ground for dismissal—here, failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6)—as to the same claim previously moved against—here, violation of Section 10(b) of the Exchange Act—based upon the facts contained in the same pleading—here, Plaintiffs' Complaint. Rather, Fed. R. Civ. P. 12(g) expressly limits such motion practice: "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(g) contemplates a single pre-answer motion and generally precludes subsequent motions to dismiss. *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1385, at 479-81 (3d ed. 2004, update April 2018) (noting the "ban against successive pre-answer motions," that "[a]ny defense that is available at the time of the original, but is not included, may not be the basis of second pre-answer motion," and concluding that "[a]fter denial of the initial challenge, the defendant should file an answer.").

The Defendants claim that the Second Circuit's decision creates a defense that was previously unavailable to them, but that argument is utterly without merit. The Circuit's decision does not change the law of this Circuit and, as such, does not reveal a defense that was previously unavailable as required by Rule 12(g). Rather, Defendants seek dismissal of the same

• Contact
dkatz@weisslawllp.com
212.682.3025 ext. 3154
www.weisslaw.co

• New York
305 Broadway, 7th Fl
New York, NY 10007
(212) 682-3025

• New Jersey
4 Brighton Rd., Ste. 204
Clifton, NJ 07012
(212) 682-3025

• California
8383 Wilshire Blvd. Suite 935
Beverly Hills, CA 90211
(310) 208-2800

• Georgia
476 Hardendorf Ave, NE
Atlanta, GA 30307
(404) 692-7910

10(b) claim on the same Rule 12(b)(6) grounds based on the same facts pled in Plaintiffs' Complaint. Their intended argument was entirely available to them at the time their motion to dismiss was filed. Indeed, Defendants cited in their motion to dismiss and on appeal the very same facts they now claim create their loss causation argument (*see, e.g.,* ECF No. 109 at 9-10, 32 n. 13, ECF No. 119 at 19; 2d Cir. ECF No. 65 at 39, 55 n. 27). Defendants chose not to advance a loss causation argument as to the CRG Loan allegations and the Federal Rules do not allow them to file a new motion to dismiss because they decided otherwise upon remand. *See, e.g., Easton Rae, LLC v. Violet Grey, Inc.*, No. 21-CV-6234 (JPO), 2023 U.S. Dist. LEXIS 54321, at **9-10 (S.D.N.Y. Mar. 29, 2023) (holding that a second motion to dismiss on Rule 12(b)(6) grounds is forbidden by Rule 12(g) where it addresses the same claim in the same pleading since the argument was thus "available" when the initial motion to dismiss was filed); *Ogunkoya v. Cty. of Monroe*, No. 15-CV-6119 (KAM)(LB), 2020 U.S. Dist. LEXIS 118580, at **9-10 (E.D.N.Y. July 7, 2020) (denying motion to dismiss to the extent it raised defenses that could have been previously presented); *Naples v. Stefanelli*, No. 12-CV-4460 (JS)(ARL), 2015 U.S. Dist. LEXIS 16251, at *14 (E.D.N.Y. Feb. 7, 2015) (where defendants "could have" made argument "in their first motion to dismiss, but they did not," argument is waived); *Derisme v. Hunt Leibert Jacobson, PC*, No. 3:10cv23 (MRK), 2010 U.S. Dist. LEXIS 87607, at **13-14 (D. Conn. Aug. 25, 2010) (holding that a second Rule 12(b)(6) motion is not permitted where it challenges a claim and facts in the original pleading since the argument was plainly "available" to the party). Indeed, in *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, No. 02 C 4356, 2008 U.S. Dist. LEXIS 41539, at *11 (N.D. Ill. May 23, 2008), the court expressly found that the defendants could not file a second Rule 12(b)(6) motion to dismiss to challenge loss causation allegations in the same pleading originally challenged unless the law regarding the pleading of loss causation changed to allow a previously unavailable defense.

Moreover, any such motion to dismiss would be futile. The mandate rule "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (quoting *Yick Man Mui v. U.S.*, 614 F.3d 50, 53 (2d Cir. 2010)). Defendants argued that Synergy's filing of the CRG Loan Agreement as an attachment to the 10-Q required dismissal of Plaintiffs' claims as to the falsity and scienter elements of the 10(b) claim. That argument was expressly rejected by the Circuit: "Although Defendants disclosed the 10-Q and CRG Loan Agreement the same day, these alleged facts regarding Gemignani's November 9 statement constitute strong circumstantial evidence of recklessness on Gemignani's part." *In re Synergy*, 2023 U.S. App. LEXIS 22598, at *6. The Circuit's holding hinged upon the materiality of the information concealed by Defendants on November 9—the launching of a dilutive share offering—leaving no room for Defendants' argument that the full truth was disclosed to the market upon the filing of the 10-Q and CRG Loan Agreement. *See, e.g., In re MBIA, Inc. Sec. Litig.*, 700 F. Supp. 2d 566, 596 (S.D.N.Y. 2010) (where it cannot be found as a matter of law that concealed information was "fully disclosed," loss causation pleading is adequate and motion to dismiss must be denied).

Further, Plaintiffs need only "allege facts that support an inference that [Defendants'] misstatement and omissions concealed the circumstances that bear upon the loss suffered such that plaintiffs would have been spared all or an ascertainable portion of that loss absent the

fraud." *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 175 (2d Cir. 2005). Gemignani's November 9 representations that the loan was "non-dilutive" and available "if and when" needed were "authoritative statements" that continued to conceal the impending dilutive stock offering, *In re Synergy*, 2023 U.S. App. LEXIS 22598, at *6, which eviscerates Defendants' argument that the filing of the Loan Agreement effectively counteracted the false and misleading statements, especially in light of the substantial stock price drop after the launch of the dilutive share offering and financial analysts' findings that the statements were "obfuscation," and "deliberate misdirection" (Complaint at ¶¶104-08; 159-160). *See In re eSpeed, Inc. Securities Litigation*, 457 F. Supp. 2d 266, 288 (S.D.N.Y. 2006). Thus, the facts alleged easily meet the pleading requirements for loss causation at this stage. *See Lentell*, 396 F.3d at 174 ("loss causation is a fact-based inquiry").

Finally, Defendants' arguments are all spurious since they are aimed at their concocted 37-minute class period instead of the actual class period pled in the Complaint (Complaint at ¶ 1) and framed by the Second Circuit's mandate. Defendants do not dispute—and have never disputed—that the Complaint adequately pleads loss causation for the November 9 statements in connection with the class period pled therein.

No further motions to dismiss are permissible at this point in the litigation. As such, the PSLRA pre-motion to dismiss discovery stay, by its own terms, is entirely inapplicable.

*Plaintiffs Request A Scheduling Conference And That Defendants Answer The Complaint*

Defendants omit from their correspondence that Plaintiffs' position at both meet-and-confers between the parties was that the parties should conduct a Rule 26 conference and present to the Court in a Rule 26(f) report their areas of agreement and their arguments as to areas of disagreement. In light of Synergy's dissolution in bankruptcy, Plaintiffs raised with Defendants important questions regarding the location, availability, and custodian of relevant documents, as well as any expected impediments or delays to production. However, Defendants provided no answers. Further, this case concerns events from 2017. Given the passage of time, non-parties, such as financial analysts (Complaint at ¶¶104-08), may dispose of records relevant to the claims at issue unless Plaintiffs commence discovery and secure them. The Second Circuit's mandate was entered on September 18, 2023. Since the time to answer the Complaint (*see* Fed. R. Civ. P. 12(a)(4)(A)) has already passed, Defendants should file their answer.

We look forward to discussing these issues further with Your Honor on October 10, 2023.

Respectfully,

David C. Katz

cc: All Counsel of Record (via ECF)